IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT JOSEPH ROSSO                                                                                    PLAINTIFF

v.                          Civil No. 5:24-CV-05096-TLB-CDC

SERGEANT SARAH SEARS, Washington County Detention Center (WCDC);
CORPORAL JOEL MINOR, WCDC;
CORPORAL DAKOTA POWELL, WCDC;
MISTY WALTON;
JOHN OR JANE DOE, Supervisor, WCDC; and
LT. M. ARNOLD,                                                                                         DEFENDANTS

## ORDER

Plaintiff Robert Joseph Rosso, a prisoner,[1] has initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that excessive force was used against him and that he was disciplined without proper due process in violation of his constitutional rights while detained at the Washington County Detention Center ("WCDC"). (ECF No. 1). Plaintiff has paid the statutory filing fee. This matter is currently before the Court on Plaintiff's Motion. (ECF No. 25). The Court finds that no response is necessary. This Motion is therefore ripe for the Court's consideration.

Plaintiff's Motion asserts several grounds for relief. First, this Court previously issued an Order granting in part, and denying in part Plaintiff's Motion to Amend Complaint, (ECF No. 16), granting in part and denying in part his Motion to Supplement Complaint, (ECF No. 17), and denying his Motion to Appoint Counsel, (ECF No. 18). *See* (ECF No. 21). This Court

---

[1] Plaintiff is a federal inmate, currently incarcerated at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"). (ECF No. 7).

subsequently issued a text-only order clarifying the parties' deadlines for complying with that order. (ECF No. 22). As relevant here, Plaintiff's amended complaint was due November 15, 2024. *Id.*

But Plaintiff asserts in his Motion that he only received the Court's text-only order, not the substantive Order on Plaintiff's Motions. (ECF No. 25). **Accordingly, the Clerk is DIRECTED to mail Plaintiff a copy of that Order (ECF No. 21). Further, Plaintiff's deadline to submit an amended complaint is now twenty-one (21) days from the date of THIS order, failing which this matter will be subject to dismissal for failure to prosecute.**

Second, Plaintiff requests an order staying this action until he is transferred to home confinement, on or about November 27, 2024. (ECF No. 25). Plaintiff contends that there are "numerous tapes and documents" he needs from the Defendant. *Id.* This Court is not persuaded that a stay is appropriate in this matter. First, discovery in this matter has not yet commenced. Second, while this Court acknowledges that incarceration can present additional obstacles to prosecuting a civil case, such as delays with mail delivery, such obstacles can be addressed without staying the case by extending deadlines, for example, which has been done here. Accordingly, Plaintiff's Motion to Stay these proceedings is **DENIED**.

Finally, Plaintiff asks the Clerk's Office to change how his mail is addressed or, at minimum, to also send his mail to his home address in Hartford, Arkansas. (ECF No. 25, p. 3). That request is **DENIED**. Consistent with established court policies and procedures, the Clerk's Office will continue to send Plaintiff's mail to his current address. Should that address change, Plaintiff is directed to send a notice of change of address within 30 days of any such change, failing which this matter will be subject to dismissal for failure to prosecute. Should Plaintiff not receive

the Court's mail, his remedy is exactly what he did here: write the Court explaining he did not receive his mail. The Court will then consider the circumstances and determine whether an extension of deadlines is appropriate, as it did here.

**IT IS SO ORDERED** on this 22nd day of November 2024.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE