IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ROBERT JOSEPH ROSSO                                                    PLAINTIFF

v.                              Civil No. 5:24-CV-05096-TLB-CDC


SERGEANT SARAH SEARS, Washington
County Detention Center (WCDC);
CORPORAL JOEL MINOR, WCDC;
CORPORAL DAKOTA POWELL, WCDC;
MISTY WALTON, formerly known as Jane
Doe, Disciplinary Hearing Officer;
JOHN OR JANE DOE, Supervisor, WCDC;
LT. M. ARNOLD, formerly known as Jane
Doe, Disciplinary Hearing Officer; and
UNKNOWN PERSON, WCDC,                                                  DEFENDANTS.


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Robert Joseph Rosso filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 generally alleging that excessive force was used against him when he was detained at the Washington County Detention Center ("WCDC") and that his disciplinary proceedings at the facility violated his constitutional rights. (ECF No. 29). Plaintiff proceeds *pro se*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned. This matter is currently before the Court on Plaintiff's failure to comply with court orders and failure to prosecute his case.

# I.    BACKGROUND[1]

When Plaintiff initiated this action, he did not pay the filing fee.  Instead, he requested to proceed *in forma pauperis* ("IFP").  (ECF No. 2).  Upon review of Plaintiff's IFP application, this Court ordered Plaintiff to show cause why his IFP application should not be denied on the grounds that he is ineligible to proceed IFP unless he shows that he is "under imminent danger of serious physical injury" because he had acquired three or more "strikes" pursuant to 28 U.S.C. § 1915(g). (ECF No. 3).  That Order also directed Plaintiff to file a notice of change of address to the court within thirty days of any such change, failing which this matter would be subject to dismissal.  *Id.* In response, Plaintiff requested an extension of time to pay the filing fee.  (ECF No. 5).  The Court granted that request and ordered Plaintiff to pay the full statutory filing fee by no later than June 23, 2024, failing which this matter would be subject to dismissal for failure to prosecute.  (ECF No. 6).  Plaintiff later submitted a notice of change of address, indicating that he had been transferred to the Federal Medical Center in Butner, North Carolina ("FMC-Butner").  (ECF No. 7).

Upon receipt of Plaintiff's filing fee, because Plaintiff was a prisoner at the time he initiated this action and his claims concerned the conditions of his confinement, this Court reviewed Plaintiff's original complaint pursuant to 28 U.S.C. § 1915A(a).  After that review, this Court ordered that the complaint be served on Defendants Sears, Minor, and Powell, the only named defendants at the time and ordered that the named defendants identify the John and Jane Doe defendants as described in the complaint.  (ECF No. 8).  When Defendants Sears, Minor, and Powell filed their Answer, they identified the John or Jane Doe Hearing Officer described in the

---

[1] The Court does not endeavor to describe every docket entry, only those relevant to the Court's consideration of Plaintiff's failure to comply with Court orders and failure to prosecute his case.

complaint as Defendants Misty Walton and Lt. M. Arnold and advised there was no record identifying the officer who physically moved Plaintiff to a new housing unit after he left segregation.  *See* (ECF No. 11).  In response, this Court directed that the Clerk substitute Defendants Walton and M. Arnold for defendant Jane Doe, Hearing Officer, and ordered that the complaint be served on these defendants.  (ECF No. 13).  This Court also directed Plaintiff to provide additional descriptive information regarding the official who purportedly transferred him to a different housing unit so that this official could be identified by September 16, 2024.  (ECF No. 12).

On September 16, 2024, Plaintiff filed a response to this order.  (ECF No. 15).  He also filed a Motion to Amend the Complaint.  (ECF No. 16).  Days later, he filed a motion to Supplement the Motion to Amend the Complaint, (ECF No. 17), and a Motion to Appoint Counsel, (ECF No. 18).  After the deadline for responding elapsed with no response from the Defendants, this Court granted, in part, and denied, in part, Plaintiff's Motion to Amend, and granted, in part, and denied, in part, Plaintiff's Motion to Supplement the Motion to Amend.  (ECF No. 21).  This Court denied Plaintiff's request for appointment of counsel and directed the Defendants to consider Plaintiff's response to the Court order regarding the identity of the John Doe defendant who ordered that Plaintiff be transferred to a new housing unit after he left segregation.  *Id.*  Plaintiff's Amended Complaint was due by November 15, 2024.  *Id.*; ECF No. 22.

Defendants filed their response to this Order and Plaintiff filed a reply.  *See* (ECF No. 23 & 24).  These submissions indicated that the parties disagreed on the events leading up to Plaintiff's transfer to a different housing unit after he left segregation.  *See id.*  Plaintiff also filed a Motion requesting several forms of relief, including an extension of time to submit the amended complaint and an order staying the case until his transfer to home confinement.  (ECF No. 25).

The Court granted his request for an extension of time to submit an amended complaint but denied all other requests for relief.  (ECF No. 26).  On December 13, 2024, Plaintiff submitted the Amended Complaint, which remains the operative pleading.  (ECF No. 29).  He also filed a second Motion to Stay the proceedings until his transfer to home confinement.  (ECF No. 30).  Because it appeared that he mailed the second Motion to Stay before he received the Court's order on his first Motion to Stay and the two motions were otherwise identical, the Court denied Plaintiff's second Motion to Stay as duplicative of the first.  (ECF No. 31).

After the Defendants filed their Answer to the Amended Complaint, this Court ordered that the Defendants either file a motion for summary judgment on the issue of whether Plaintiff properly exhausted his administrative remedies before initiating this action in accordance with 42 U.S.C. § 1997e(a) by February 18, 2025, or promptly file a notice informing the parties that the Defendants did not intend to pursue failure to exhaust as an affirmative defense at trial.  (ECF No. 33).  Plaintiff subsequently filed two motions to amend the Amended Complaint.  (ECF No. 34 & 26) and a self-styled Motion for Acknowledgment or Clarification, (ECF No. 40), requesting an update on the status of discovery because he received interrogatories from the Defendants. Plaintiff also filed a notice of change of address.  (ECF No. 37 & 39).  Upon consideration, this Court denied Plaintiff's motion to further amend his amended complaint as futile.  (ECF No. 43). Further, the Court denied Plaintiff's self-styled Motion for Acknowledgment or Clarification as moot because the Defendants had retracted their untimely discovery requests.  *Id.*

After the Defendants filed a notice saying they did not intend to pursue failure to exhaust as an affirmative defense at trial, (ECF No. 42), this Court entered an initial scheduling order governing discovery and ordering that a motion for summary judgment on the merits be filed by no later than July 24, 2025.  (ECF No. 44).  On July 1, 2025, Defendants requested (and received)

an extension of time to file a motion for summary judgment on the merits. (ECF No. 49 & 50). On August 25, 2025, Defendants filed a Motion for Summary Judgment, including a memorandum, statements of facts, and eleven exhibits in support. (ECF No. 51-53). The next day, this Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment and provided instructions on how to respond. (ECF No. 54). That order directed Plaintiff to file his response by September 16, 2025, failing which this matter would be subject to dismissal. *Id.* This Order was not returned as undeliverable. On August 26, 2025, Defendants filed a supplement to their motion for summary judgment, including two exhibits. (ECF No. 55).

The deadline for filing a response passed with no response from Plaintiff. Accordingly, on September 19, 2025, this Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to obey court orders. (ECF No. 57). The show cause response was due by October 10, 2025. (ECF No. 57). This Order was also not returned as undeliverable. The show cause deadline has now passed, and Plaintiff has not responded or communicated with this Court in any way since February 2025, eight months ago.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.    ANALYSIS

Plaintiff has failed to comply with two court orders: the Court's orders directing him to respond to Defendants' Motion for Summary Judgment, (ECF No. 54), and the Court's show cause order, (ECF No. 57).  Neither Order has been returned as undeliverable.  Plaintiff, therefore, has failed to comply with court orders and has failed to provide any excuse for his noncompliance.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) and it is recommended that Plaintiff's Complaint be dismissed for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

The only remaining question for the Court is whether the dismissal should be with or without prejudice.  A dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.  Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).  "At the same time, however, 'dismissal with prejudice under Rule 41(b) is a drastic sanction which should be exercised sparingly.'"  *Id.*  (quoting *Pardee v. Stock*, 712 F.2d 1290, 1292 (8th Cir. 1983)).  "The district court's exercise of this power is within the permissible range of its discretion if there has been a clear record of delay or contumacious conduct by the plaintiff."  *Id.* (internal citation and quotations omitted).  In considering a Rule 41(b) dismissal, the Court must balance "the degree of egregious conduct which prompted the order of dismissal and to a

lesser extent upon the adverse impact of such conduct upon both the defendant and the administration of justice in the district court." *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In reviewing a dismissal with prejudice, the Eighth Circuit considers "whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court." *Id.*  "However, the district court need not have found that [the plaintiff] acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily." *Id.*

The Court order directing Plaintiff to respond to Defendants' Motion for Summary Judgment and the show cause order have not been returned as undeliverable, suggesting that Plaintiff has received these orders and has simply not responded to them.  Further, as described above, while Plaintiff was initially actively prosecuting his case, he has failed to communicate with the Court in any way about his case for approximately eight months.  The Court also recognizes that the Defendants have expended resources responding to Plaintiff's motions, conducting discovery, and preparing a motion for summary judgment on the merits.  On this record, therefore, the Court finds that Plaintiff's failure to comply with court orders was intentional, as opposed to accidental or involuntary, and that his failure to respond to two court orders or to communicate with this Court for eight months, combined with the resources expended by the Defendants (and this Court), warrant this case being dismissed with prejudice.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that this matter be **DISMISSED WITH PREJUDICE.**

## IV.    CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 29) be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of October 2025.

*/s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE